UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT-N.D. OF N.Y.

FILED

DEC 19 2001

Lawrence K. Baerman, Clerk - Syracuse

5: 01-CV-1781
(FJS)(GLS)

JANE DOE,

                                        Plaintiff,

        v.

KATHERINE EDMUNSON, Dr.; HUNTER
RAWLINGS, III, Dr.; CORNELL UNIVERSITY;
CORNELL UNIVERSITY, College of Veterinary
Medicine; STATE UNIVERSITY OF NEW YORK;
STATE OF NEW YORK; RICHARD P. MILLS, *et al.*,

                                        Defendants.

APPEARANCES:

FOR THE PLAINTIFF:

JANE DOE
Plaintiff, *pro se*
P.O. Box 1125
Orchard Park, NY 14127

SCULLIN, Chief Judge:

## CONDITIONAL ORDER OF DISMISSAL

        The Clerk has sent to the Court a civil rights complaint filed by plaintiff "Jane Doe"

("plaintiff" or "Doe").  Docket no. 1.  Plaintiff has paid the statutory filing fee.

## I.      *Pro se* complaint.

        In her *pro se* complaint, plaintiff alleges that she was discriminated against and

denied equal protection by the defendants because of her age and her gender and was

retaliated against after she made complaints concerning the alleged discrimination.

Plaintiff claims that defendants' actions violated her constitutional rights.  Docket no. 1 at

5-6.

COPIES SENT
12/19/01
Date
By

## II.   Request to commence action anonymously.

Plaintiff has asked the Court to allow her to proceed  under the pseudonym "Jane Doe" to protect plaintiff's "academic privacy".  Docket no. 1 at 12.

"'Generally, lawsuits are public events and the public has a legitimate interest in knowing the pertinent facts.' Accordingly, parties to a lawsuit usually should proceed under their real names." *Doe v. United Services Life Insurance Company*, 123 F.R.D. 437, 439 (quoting *Free Market Compensation v. Commodity Exch.*, 98 F.R.D. 311, 312 (S.D.N.Y.1983)).  The Federal Rules of Civil Procedure ("Fed.R.Civ.P.") also support the view that parties to an action should be identified.  *See* Fed.R.Civ.P. 10(a) ("In the complaint the title of the action shall include the names of all the parties....");  Fed.R.Civ.P. 17 ("Every action shall be prosecuted in the name of the real party in interest.")

> Nevertheless, in some circumstances a party may commence a suit using a fictitious name.  It is within a court's discretion to allow a plaintiff to proceed anonymously (citations omitted). In exercising its discretion, a court should consider certain factors in determining whether plaintiffs may proceed anonymously.  These factors include (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified;  and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced (citations omitted).

*Doe v. Shakur*, 164 F.R.D. 359, 360-61 (S.D.N.Y. 1996).

The present action does not warrant anonymity.  Disclosure of a party's identity is the rule, only to be waived in exceptional circumstances.  Plaintiff has not demonstrated exceptional circumstances that justify proceeding under a pseudonym.  *See, e.g.*, *Doe v. Bell Atlantic Business Systems Services, Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995)

2

(embarrassment or economic harm are not sufficient to override public policy favoring disclosure of parties).

Because plaintiff will not be permitted to proceed with this action anonymously, plaintiff must file an amended complaint, **within thirty (30) days** of the filing date of this Order, to bring this action in her own true name. The caption of the amended complaint is to bear plaintiff's true name and the pleading shall be signed in plaintiff's true name. Plaintiff's failure to file an amended complaint in her true name will result in dismissal of this action without further Order of the Court.

III.     **Allegations contained in the complaint.**

When drafting any amended complaint, plaintiff should be aware that to the extent that she is bringing this action pursuant to 42 U.S.C. § 1983, plaintiff's claims against the "State of New York", the "State University of New York", and the "New York State Education Department" are barred by the Eleventh Amendment to the United States Constitution. *See* U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988); *Amankwaah v. Cayuga County*, 1992 WL 296459 at *2-3 (N.D.N.Y. Oct. 16, 1995) (McCurn, C.J.); *Dube v. The State University of New York*, 900 F.2d 587, 594 (2d Cir. 1990) (citations omitted). "Absent specific congressional derogation of state sovereign immunity or express consent by the state, a suit against a state 'or one of its agencies or departments' is jurisdictionally barred by the Eleventh Amendment." *Gierlinger v. New York State Police*, 738 F.Supp. 96, 97 (W.D.N.Y. 1990) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-102 (1984); *Eng v. Coughlin*, 858 F.2d 889, 896 (2d Cir.1988)).

3

Additionally, plaintiff must bear in mind that parties may not be held liable under this section unless it can be established that they have acted under the color of state law. *See*, *e.g.*, *Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, No. 92-Civ-4288, 1992 U.S.Dist. LEXIS 18864, *2-3 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). It is not clear from the face of plaintiff's complaint whether all of the Cornell University defendants are state actors for purposes of § 1983. Plaintiff is advised that any defendants who are not state actors for purposes of § 1983 may be dismissed from this action.

## IV.    John/Jane Doe defendants.

Plaintiff has named several John/Jane Doe defendants. Plaintiff is advised that the U.S. Marshals cannot effect service on a "John/Jane Doe" defendant. In the event that plaintiff wishes to pursue this claim against these defendants, she shall take reasonable steps to ascertain their identities. Plaintiff may then file a motion to amend her complaint and seek leave of the Court to add such individuals, by name, as defendants to this lawsuit. Plaintiff is further advised that if these individuals are not timely served, this action will be dismissed as against them.

WHEREFORE, it is hereby

ORDERED, that plaintiff's request to proceed anonymously as a "Jane Doe" plaintiff is denied, and it is further

ORDERED, that plaintiff file an amended complaint, **within thirty (30) days** of the filing date of this Order, to bring this action in her own true name. The caption of the amended complaint is to bear plaintiff's true name and the pleading shall be signed in plaintiff's true name, and it is further

4

ORDERED, that if plaintiff fails to file such an amended complaint **within thirty (30) days** from the date of the filing of this Order, the Clerk shall enter judgment dismissing this action without further order of this Court due to plaintiff's failure to comply with the terms of this Order, and it is further

ORDERED, that upon the filing of plaintiff's amended complaint as directed above, the file in this matter be returned to the Court for further review, and it is further

ORDERED, that the plaintiff take reasonable steps to ascertain the identities of any other individual(s) that purportedly violated plaintiff's civil and/or constitutional rights and, if appropriate, file a motion to amend her complaint and add such individuals, by name, as defendants to this lawsuit, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated:        12/19 , 2001
        Syracuse, New York

Hon. Frederick J. Scullin, Jr.
Chief United States District Judge

5